Dear Mr. LeBlanc:
You have requested an opinion of the Attorney General regarding the proper procedures to be followed for the acquisition of additional office space by the St. Martin Parish Assessor's Office (Assessor). You state that your office has outgrown its present facilities and the St. Martin Parish Police Jury (Police Jury) is unable to provide you with additional space in the Courthouse Building.
You note in your letter that your office constitutes an Assessment District (District) funded with revenues generated from ad valorem taxes, revenue sharing, interest on investments and self-generated revenue. You specifically ask whether the District is authorized to acquire and own property. If not, you ask what would be necessary for the District to be so empowered. Finally, you ask whether the District may transfer funds to the Police Jury for the purpose of acquiring real estate and the construction of a building.
R.S. 33:4713 places the primary responsibility for the provision of offices, furniture and equipment for the assessors upon the respective police juries. It provides, in pertinent part, the following:
 "Each parish shall provide . . . such other offices as may be needed by the . . . assessors of the parish and shall provide the necessary heat and illumination thereof.
 The cost of such furniture and equipment, supplies and maps, as may be needed by the . . . assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish.
 The police jury or other governing authority shall make these purchases and then bill the other tax recipients . . . ."
The fact that you are a Tax Assessment District does not relieve the Police Jury of its obligation to provide you with adequate office space and equipment. Attorney General Opinion No. 94-269 and 88-79-A. Further, the creation of Assessment Districts merely alters the method of funding for the Assessor's Office, and does not change the purposes for which expenditures can be made by Assessors. Attorney General Opinion No. 88-222.
R.S. 33:1461 provides for the opening of suboffices for tax assessors:
 "Sheriffs and ex officio tax collectors and tax assessors of the parishes of this state are authorized to open and maintain such suboffices or offices as in their judgment the nature and requirements of their duties and work may require."
As can be gleaned from the above, should the Assessor deem it necessary, he or she may open another office or suboffice. While this may include the actual purchase of the office, itself, we find no statutory authority that would enable title to the property to vest in the Assessor or Assessment District. Rather, title should be placed in the name of the Police Jury. See Attorney General Opinion No. 87-45. We believe that remedial legislation would be necessary to allow the Assessment District to acquire ownership of its office facilities.
Having found that the Assessor can use public funds for the purchase of additional office space to be titled in the name of the Police Jury, we now turn to your final question of how to facilitate this transaction.
We direct your attention to R.S. 33:1321, et seq., collectively referred to as "The Local Services Law". Section 1324 provides, in pertinent part, the following:
 "Any parish . . . or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement . . . provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for the completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement . . . ."
Section 1325 further provides with regard to the form and publication of such agreements as follows:
 "All arrangements concluded under the authority of R.S. 33:1324 shall be reduced to writing. For this purpose it shall suffice for each party to the agreement, acting through its governing body, to accept the agreement by the passage of an ordinance or resolution setting out the terms of the agreement. The agreement, ordinance, or resolution shall be published in the official journal of the parish or municipality, in the same manner as are the other proceedings of the governing body."
Accordingly, it is the opinion of this office that the Assessment District and the Police Jury may enter into an agreement under R.S. 33:1321, et seq., pursuant to which Assessment District funds may be utilized to purchase an additional office to be titled in the name of the Police Jury. The agreement should be tailored to conform to Section 1325. An independent appraisal of the property should be obtained to insure that the purchase price paid for the office space is reasonable.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla